# CORRECTED MOTION FOR DEFAULT JUDGMENT

*(Liability Only – CDCA compliant)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

**Michael Rizzio,**
 Plaintiff,

v.

**City of Desert Hot Springs, et al.,**
 Defendants.

Case No. **5:25-cv-01617-RGK-AJR**

---

# PLAINTIFF'S CORRECTED MOTION FOR DEFAULT JUDGMENT

# AS TO LIABILITY ONLY AGAINST DEFAULTED DEFENDANTS

**(Pursuant to Fed. R. Civ. P. 55(b)(2))**

---

### NOTICE REGARDING HEARING

Plaintiff does **not request a hearing** on this Motion and submits it on the papers pursuant to Federal Rule of Civil Procedure 55(b)(2), unless the Court determines that a hearing is necessary.

## I. INTRODUCTION

Plaintiff Michael Rizzio respectfully moves the Court for entry of default judgment **as to liability only** against the defaulted defendants identified below, pursuant to Federal Rule of Civil Procedure 55(b)(2). The Clerk of Court entered default pursuant to Rule 55(a) (ECF No. 66).

Plaintiff does **not** seek a determination of damages at this time and expressly reserves all issues of damages and further relief for later determination as ordered by the Court.

## II. DEFAULTED DEFENDANTS

On January 12, 2026, the Clerk entered default (ECF No. 66) against the following defendants (collectively, the "Defaulted Defendants"):

- Doria Wilms, City Manager
- Scott Matas, Mayor
- Gary Gardner, City Council Member, District 1
- Daniel Pitts, City Council Member, District 2
- Jan Pye, City Council Member, District 3
- Dirk Voss, City Council Member, District 4
- Jerryl Soriano, City Clerk
- Jim Shaw, Police Chief
- Donna Lozano, Chairwoman, Public Safety Commission

## III. PROCEDURAL HISTORY

Each Defaulted Defendant was properly served with process and failed to plead or otherwise defend within the time permitted by the Federal Rules of Civil Procedure. Upon Plaintiff's request, the Clerk entered default pursuant to Rule 55(a) (ECF No. 66). Plaintiff now seeks entry of default judgment as to liability under Rule 55(b)(2).

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), after default has been entered, the Court may enter default judgment. Upon default, the well-pleaded factual allegations of the operative complaint—other than those relating to damages—are taken as true. The Court may enter judgment as to liability and reserve damages for later determination.

## V. ARGUMENT

### A. Liability Is Established by Default

By virtue of the Clerk's Entry of Default, the well-pleaded allegations of the operative complaint are deemed admitted as to the Defaulted Defendants and establish liability.

### B. Damages Are Properly Reserved

Plaintiff seeks entry of default judgment as to liability only. Plaintiff expressly reserves all issues of damages and further relief for later determination by prove-up, hearing, or further order of the Court.

---

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Enter default judgment **as to liability** against the Defaulted Defendants pursuant to Fed. R. Civ. P. 55(b)(2);

2. Reserve all issues of damages and further relief for later determination by the Court; and

3. Grant such other and further relief as the Court deems just and proper.

---

**DATED: January 20, 2026**

Respectfully submitted,

**/s/ Michael Rizzio**
Michael Rizzio
Plaintiff, Pro Se
Service-Disabled U.S. Navy Veteran
Former Vice Chairman, Public Safety Commission
**michaeljosephrizzio@gmail.com**
(760) 660-9713